**WO** LMH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lawrence Dawson,

Plaintiff,

vs.

Terry Stewart, et al.,

Defendants.

No. CV 05-3272-PHX-SMM (LOA)

**ORDER**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by a state prisoner. Plaintiff seeks leave to file excess pages as part of his civil rights complaint. In lieu of paying the $250.00 filing fee, Plaintiff seeks leave to proceed *in forma pauperis*. Because he has three strikes under 28 U.S.C. § 1915(g), the Court will deny his request and dismiss his action.

The three strikes rule, 28 U.S.C.1915(g), provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The constitutionality of this rule has been upheld by the Ninth Circuit Court of Appeals. Andrews v. King, 398 F.3d 1113, 1123 (9th Cir. 2005); Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

Three of Plaintiff's prior actions have been dismissed for frivolousness or for failure to state a claim. See Dawson v. Dawson, No. CV 05-2288-PHX-SMM (LOA) (D. Ariz.) (Sept. 8, 2005 Ord.) (failure to state a claim); Dawson v. Lewis, No. CV 96-0211-TUC (RMB) (D. Ariz.) (Nov. 2, 1996 Ord.) (frivolous); Dawson v. Symington, No. CV 96-0585-PHX-CAM (BGS) (D. Ariz.) (Apr. 1, 1996 Ord.) (frivolous). Copies of these orders are attached as exhibits to this Order.

In this action, Plaintiff sues the former director of the Arizona Department of Corrections and several health professionals. His allegations are not clearly stated, and he has attached exhibits that are impossible to follow. It is not the Court's burden to sort through these documents and form Plaintiff's allegations for him. In what appears to be a handwritten introductory statement, however, Plaintiff challenges his conviction of the basis of "conspiracy issues" and ineffective assistance of counsel, and he claims that various documents prove his innocence. These allegations do not fall within the exception set forth in §1915(g) for imminent danger of serious physical injury.

Plaintiff also alleges in the introductory statement that he has been physically, mentally and spiritually abused for the past eighteen years, and that he would rather be put to death than to spend the rest of his life in maximum security. He claims that he has been denied his "disability rights," but does not describe how that occurred. These general allegations are not sufficiently specific to demonstrate that his action falls within the exception set forth in §1915(g) for imminent danger of serious physical injury.

Where Plaintiff has made specific allegations regarding his health, he refers to events in the past. For example, he alleges that he had "bad surgeries" in 1995 and 1989, that his nose was broken and his sinus cavities damaged in 2001, and that his eye veins were broken from Tazer guns in 1998. He seeks damages for injuries since 1987, more than fifteen years ago. An allegation that imminent danger was faced in the past is insufficient to meet the exception under § 1915(g). Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003); Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002); Abdul-Akbar v. McKelvie, 239 F.3d 307, 310-11 (3d Cir.), cert. denied, 533 U.S. 953 (2001); Medberry v. Butler, 185 F.3d 1189,

1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). The "imminent danger" exception is available for genuine emergencies, where time is pressing and a threat is real and proximate. Heimermann, 337 F.3d at 782.

In light of these authorities, Plaintiff is not entitled to proceed *in forma pauperis* because his allegations do not establish that he is presently facing imminent danger. He has not connected any of his allegations to the named defendants, and his allegations regarding his medical care concern events in the past. Accordingly, his Complaint must be dismissed for failure to pre-pay the $250.00 filing fee.

**IT IS THEREFORE ORDERED that**:

(1) Plaintiff's Motion for Leave to File Excess Pages and his Application to Proceed In Forma Pauperis (Dkt. #1) are **denied**.

(2) The Complaint and this action are **dismissed** for failure to pre-pay the $250.00 filing fee pursuant to 28 U.S.C. § 1915(g), and the Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 1st day of December, 2005.

Stephen M. McNamee
Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Lawrence Dawson,

Plaintiff,

vs.

Edward Dawson, et al.,

Defendants.

No. CV 05-2288-PHX-SMM (LOA)

**ORDER**

Plaintiff, currently confined in the Special Management Unit I at the Arizona State Prison Complex in Florence, Arizona, has filed a *pro se* Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A. <u>Application to Proceed In Forma Pauperis & Filing Fee</u>.**

Plaintiff's request to proceed *in forma pauperis* will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B. Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004) (to be reported at 542 U.S. 225); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's Complaint will be dismissed *without* leave to amend because the Complaint cannot possibly be saved.

**C. Complaint.**

Plaintiff's action concerns his criminal proceedings. In the Gila County Superior Court, he was convicted of seven counts of child molestation and one count of sexual abuse. Plaintiff sues sixteen defendants, including a superior court judge and county prosecutors.

He claims that these persons conspired to deprive him of his constitutional rights as a pretrial detainee by prosecuting him outside the law and subjecting him to unconstitutional procedures. Specifically, in Count I, Plaintiff alleges that his disability was not treated fairly to the detriment of his mental, medical and spiritual health. In Count II, Plaintiff alleges that his counsel was ineffective in violation of the Sixth Amendment. In support, Plaintiff attaches a copy of two complaints he filed with the State Bar of Arizona against two court-appointed lawyers. In Count III, Plaintiff asserts that his due process rights were violated by ineffective assistance of counsel and the conduct of court administrators. For relief, he requests an award of forty million dollars.

**D. Failure to State a Claim.**

When a prisoner challenges the validity of his confinement, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). For civil rights claims brought in § 1983 actions that also challenge the validity of confinement, the Supreme Court announced a "favorable termination rule" as follows:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Without such a showing of a "favorable termination," the person's cause of action under § 1983 has not yet accrued. Id. at 489. Thus, if a judgment in favor of the plaintiff would necessarily imply that invalidity of his conviction or sentence, the complaint must be dismissed. Id. at 487.

The Ninth Circuit Court of Appeals has found that "[t]here is no question" that the "favorable termination" rule bars a convicted Plaintiff's claim that defendants lacked probable cause to arrest and that defendants brought unfounded charges. Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996). Wrongful arrest and conspiracy to bring false charges could not have occurred unless the plaintiff were innocent of the crimes for which he was

convicted. Guerrero v. Gates, 357 F.3d 911, 916-17 (9th Cir. 2004). Similarly, Plaintiff's claims that his disability was treated unfairly in the criminal prosecution, that his counsel was ineffective, and that his due process rights were denied in the criminal process are claims that directly implicate the validity of Plaintiff's conviction and imprisonment. Accordingly, under Heck, 512 U.S. 477, these claims are barred unless Plaintiff can show a "favorable termination." Because he has not made such a showing, his action will be dismissed without prejudice for failure to state a claim.

**E. Motion for Extension of the Page Limits.**

Plaintiff has also moved to extend the page limits to include legal argument. Legal argument is not proper for a complaint but is instead reserved for motions and trial. More important, the Court's disposition of his action renders his motion moot. Accordingly, the Court will deny the motion.

**IT IS THEREFORE ORDERED:**

(1) That Plaintiff's Application to Proceed *In Forma Pauperis* is granted pursuant to 28 U.S.C. § 1915(a)(1);

(2) That Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

(3) That Plaintiff's Motion for Extension of the Page Limits (Doc. #3) is **denied**;

(4) That the Complaint and this action are **dismissed** for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly; and

///

///

///

///

(5) That the Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 7th day of September, 2005.

Stephen M. McNamee
Chief United States District Judge

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Lawrence Dawson )
)
Plaintiff ) CIV 05-2288-PHX-SMM-LOA
)
vs. ) **JUDGMENT**
)
Edward Dawson, et al. )
)
)
Defendant(s) )
____________________________________)

____ **Jury Verdict.** This action came before the Court for trial by jury. The issues have been tried and the jury has rendered its verdict.

_X__ **Decision by Court.** This action came for consideration before the Court. The issues have been considered and a decision has been rendered.

IS IS THEREFORE ORDERED that the complaint and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii); that the Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. 1915(g).

September 8,2005

RICHARD H. WEARE
Clerk/DCE

S/ T. Johnson
(By) Deputy Clerk

FILED LODGED
RECEIVED COPY
NOV 22 1996
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAWRENCE DAWSON, Plaintiff, v. SAMUEL A. LEWIS, et al., Defendants. | CIV 96-211-TUC-RMB<br><br>**ORDER** |

Lawrence Dawson, presently confined in the Cook Unit of the Arizona State Prison Complex-Eyman, at Florence, Arizona (ASPC-Eyman), filed with the Clerk of the Court on January 17, 1996 a pro se Complaint pursuant to Title 42 U.S.C. § 1983. Plaintiff also filed a Declaration In Support of Request to Proceed In Forma Pauperis. The Complaint was filed prior to the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), which amends 28 U.S.C. §1915(a), (b).

In his Complaint, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs because they failed to provide adequate medical care and they delayed medical care for an "Achronoid Cyst" in Plaintiff's brain, "damaged prolaspe valve" in Plaintiff's heart, and "damaged ulcerated varicose veins" in Plaintiff's legs (Complaint at 5A). Plaintiff complains about medical treatment and events during a period from 1987 to 1991 (Complaint at 5G-5M).

Named as Defendants in the Complaint are: (1) Samuel Lewis; (2) Theodore Jolley, Facility Health Administrator; (3) Patricia Stapler, M.D.; (4) Dimitri Catsaros, M.D.; (5) Theodore Smith, M.D.; (6) Fran Tucker; (7) Fran Cheske; (8) Ben Reys, R.N.; (9) Ray Rickleman, P.A.; (10) Lloyd Buckmaster,

RmB
MA
Dawson





P.A.; (11) Dan Vanelli, Deputy Warden; (12) Dorothy Vigil, Deputy Warden; (13) William Gaspar, Deputy Warden; and (14) "and et al."

Plaintiff seeks compensatory, punitive and future damages.

Because the actions which Plaintiff complains of occurred in 1989 through 1991, this Court is of the opinion that Plaintiff's instant action is barred by the statute of limitations. For actions under 42 U.S.C. §1983, federal courts apply the statute of limitations for personal injury actions of the state in which the claim arises. Krug v. Imbordino, 896 F.2d 395, 396-97 (9th Cir. 1990). Arizona Revised Statutes (A.R.S.) §12-542(1) provides that actions for personal injuries shall be commenced within two years after the cause of action accrues.

State law also determines the application of tolling doctrines. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Arizona's tolling statute suspends the running of the statute of limitations for persons under certain disabilities, including imprisonment. See, A.R.S. §12-502. However, the period of such a disability exists "only until such time as the person imprisoned discovers the right to bring the action or with the exercise of reasonable diligence should have discovered the right to bring the action, whichever occurs first and such person shall have the same time after the disability ceases to exist which is allowed to others." A.R.S. §12-502B. While state law determines the period of limitations, federal law determines when the cause of action arises. Vaughn v. Grijalva, 927 F.2d 476, 480 (9th Cir. 1991). Under federal law, a cause of action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." Bagley v. CMC Real Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991), cert. denied, 502 U.S. 1091 (1992).

Here, Plaintiff knew of the injuries that are the basis of the present cause of action as of May, 1991, as evidenced by two previous complaints filed in this Court alleging deliberate indifference with regard to the same medical conditions and medical treatment. On May 7, 1991, Plaintiff filed a complaint in case number CIV 91-252-TUC-RMB alleging, among other claims, that the defendants were deliberately indifferent in failing to provide adequate medical care and treatment for the same medical

conditions that he complains of in the present Complaint.[1] On January 7, 1994, the United States District Court ruled that Plaintiff failed to state a claim for deliberate indifference to his serious medical needs. That case is currently on appeal to the Ninth Circuit Court of Appeals. Moreover, on July 8, 1991, Plaintiff filed another complaint in case number CIV 91-378-TUC-RMB alleging deliberate indifference in the diagnosis, treatment and care for his serious medical needs. That case was consolidated with CIV 91-252-TUC-RMB. See, Order of November 8, 1991, CIV 91-378-TUC-RMB.

Accordingly, Plaintiff knew of the injury that is the basis of this action in May, 1991. Therefore, the tolling provision did not suspend the running of the two year statute of limitations after May, 1991, and thus, the statute of limitations barred Plaintiff's action as of May, 1993.

An action may be dismissed under 28 U.S.C. §1915(e)(2) (as amended) where the defense is complete and obvious from the face of the pleadings. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). The Ninth Circuit has "held that a sua sponte dismissal was not erroneous in an analogous context." Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 686-87 (9th Cir. 1993) (referring to Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)). Therefore, because Plaintiff's Complaint under 42 U.S.C. §1983 is time-barred by the statute of limitations, it does not have an arguable basis in law and will be dismissed pursuant to 28 U.S.C. §1915(e)(2). Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**IT IS THEREFORE ORDERED** that the Complaint and action are dismissed and that judgment shall be entered accordingly.

Dated this 21 day of November, 1996.

RICHARD M. BILBY
Senior United States District Judge

[1] Plaintiff filed an amended complaint in case number CIV 91-252-TUC-RMB on October 4, 1991.

FILED LODGED
RECEIVED COPY
NOV 25 1996
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

# UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

LAWRENCE DAWSON,

vs.

SAMUEL A. LEWIS, ET AL.,

## JUDGMENT IN A CIVIL CASE

Case NO. CV-96-211-TUC-RMB

**DECISION BY COURT.** This action came under consideration before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the Complaint and action are **DISMISSED** and that judgment shall be entered accordingly.

November 22, 1996
Date

RICHARD H. WEARE
CLERK

(By) Deputy Clerk, Maureen Gorski

cc: OB, RMB, MA, DAWSON

6




IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

LAWRENCE DAWSON,
Plaintiff,
v.
FIFE SYMINGTON, GOVERNOR et al.
Defendants.

CIV 96-0585-PHX-CAM (BGS)

O R D E R

Lawrence Dawson, presently confined in the Arizona State Prison Complex, Florence, Arizona, has filed with the Clerk of the Court a pro se Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Declaration in Support of Request to Proceed In Forma Pauperis.

Plaintiff alleges, inter alia, that defendants have encroached upon his First, Fifth, Eighth, Thirteenth, and Fourteenth Amendments of the U.S. Constitution by the enactment of various statutes which has denied him access to medical care and access to the Courts. Plaintiff further contends that the language of the statutes "cloaks these prisoners with servitude to the State in being able to receive indigent medical care and treatment" (Complaint at 2). Plaintiff also contends that A.R.S.



NEW 4.1.96

(4)

31-201.01(I), which charges inmates three ($3.00) for medical care, is involuntary servitude because it forces inmates into a position of "servitude to the master" (complaint at 7). Plaintiff further contends that the language of the statute is legislated to suppress the class of prisoners "into severe servitude or peonage"(Complaint at 12). Named as Defendants are: Fife Symington, Governor of the State of Arizona; Grant Woods, Attorney General; and Legislatures of Arizona, a governing body of the State. Plaintiff seeks compensatory and punitive damages and attorney's fees.

Before a state official can be sued in federal court he must have some connection with the enforcement with the law being challenged. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441 (1908). The constitutionality of every act passed by the legislature cannot be tested by a suit against the Governor, based upon the theory that, as the executive of the state, was, in a general sense, charged with the execution of all its laws. Id. at 157, 28 S.Ct. at 452-53 (citation omitted). Plaintiff has set forth no allegations that defendant Symington has any connection with the enforcement of the laws being challenged.

To determine whether an officer has the necessary connection with enforcement of the act the appropriate inquiry should be made in the context of Article III, not the Eleventh Amendment. L.A. Branch NAACP v. L.A. Unified School Dist., 714 F.2d 947 (9th Cir. 1983); N.A.A.C.P. v. State of Cal., 511 F.Supp. 1244, 1256 (1981); see, Allied Artists Pictures corporation v. Rhodes, 473 F.Supp. 560 (S.D. Ohio 1979); see e.g., Gladstone, Realtors v. Village of

Bellwood, 441 U.S. 91, 99 S. Ct. 1601 (1979); Duke Power Co. v. Carolina Environ. Study, 438 U.S. 59, 98 S. Ct. 2620 (1978); Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 96 S. Ct. 1917 (1976). Accordingly, such inquiries, which lie at the "heart of the Article III 'case and controversy' requirement" determine whether the plaintiff suffered an injury which is fairly traceable to the conduct of the defendant. Id. It is difficult to ascertain from the contents of Plaintiff's complaint precisely what injury he has suffered. However, it is clear that Plaintiff has not established that his injury is "fairly traceable to the conduct of the defendant." Accordingly, defendant Symington is not a proper defendant and will be dismissed.

A state attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages. Murphy v. Morris, 849 F.2d 1101, 1105 (8th Cir. 1988); See Barrett v. United States, 798 F.2d 565, 571-73 (2d Cir. 1986). Furthermore, Plaintiff has failed to allege the affirmative link between Defendant Woods's conduct and Plaintiff's injury. Accordingly, there is not a deprivation of Plaintiff's constitutional rights with respect to Defendant Woods. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976).

With respect to defendant "Legislatures of Arizona", the Court constures this defendant to be the Arizona Legislature. Plaintiff has named the "Legislatures of Arizona" as a defendant to the action but has not named the individual members of the Legislature who participated in the activities of which he complains. A complaint wherein any party is designated or sought

to be joined under a fictitious name is improper. Local R. of Prac. 10(d). Therefore, defendant "Legislatures of Arizona" is not a proper defendant. Moreover, even if Plaintiff had named the individual members of the legislature who participated in the acts of which he complains, they would not be proper defendants. "The absolute immunity of legislators, in their legislative functions, . . . now is well settled." Harlow v. Fitzgerald, 457 U.S. 800, 807, 102 S. Ct. 2727, 2732 (1982) (citations omitted). See also Kuzinich v. County of Santa Clara, 689 F.2d 1345, 1349 (9th Cir. 1982). "Absolute immunity protects the legislative process by shielding lawmakers from civil liability based on their legislative role which necessarily involves the balancing of social needs and rights of different groups. Gutierrez v. Municipal Court, 838 F.2d 1030, 1046 (9th Cir. 1988). See also Tenney v. Brandhove, 341 U.S. 367, 377, 71 S. Ct. 783, 788 (1951). This absolute immunity extends to local legislators. Kuzinich, 689 F.2d at 1349.

The defects in Plaintiff's complaint however, go beyond the failure to name proper defendants. Plaintiff's claim of involuntary servitude is without merit. The Thirteenth Amendment does not prohibit involuntary servitude as part of imprisonment for a crime. Hale v. State of Arizona, 993 F.2d 1387, 1394 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 386 (1993) ("Convicted criminals do not have the right to freely sell their labor and are not protected by the Thirteenth Amendment against involuntary servitude."); Piatt v. MacDougall, 773 F.2d 1032, 1035 (9th Cir. 1985); see Draper v. Rhay, 315 F.2d 193, 197 (9th Cir.), cert.

denied, 375 U.S. 915 (1963).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) of the Federal Rules of Civil Procedure states that "[e]ach averment of a pleading shall be simple, concise, and direct."

Additionally, Rule 3.2(a) of the Local Rules of Practice provides in pertinent part:

> The complaint and any amended complaint shall contain a short and plain statement of the claim and each averment shall be simple, concise, and direct. Additional pages not to exceed fifteen (15) in number may be included with the Court-approved form complaint and any amended complaint, provided the form is completely filled in to the extent applicable in the particular case.

Here, Plaintiff's Complaint fails to provide "a short and plain statement of the claim." Fed.R.Civ.P. 8(a); Loc.R.Prac. 3.2(a). Plaintiff's Statement of Claim consists of fifteen pages of rambling about various statutes which have been enacted and the "theory of involuntary servitude". Plaintiff makes no reference to what damage he has suffered as a result of the defendant's conduct. Plaintiff has failed to provide a "short and plain statement of the claim".

Additionally, Plaintiff has violated the fifteen (15) additional page limit. Loc.R.Prac. 3.2(a).

A complaint having the factual elements of a cause of action present but scattered throughout the Complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal Rule of Civil

Procedure. Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988).

For the foregoing reasons, Plaintiff's Complaint under 42 U.S.C. § 1983 does not have an arguable basis in law and therefore will be dismissed pursuant to 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338, 347 (1989).

Plaintiff has also filed a "Motion for Extension of The Page Limit of the Complaint 1983", (Document No. 3). Because this entire action is being dismissed, the Motion will be denied as moot.

IT IS THEREFORE ORDERED that the Complaint and action are dismissed and that judgment shall be entered accordingly. 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that Plaintiff's "Motion for Extension of The Page Limit of the Complaint 1983" (Doc. #3) is denied as moot.

DATED this 28 day of March, 1996.

C. A. Muecke

C. A. MUECKE
United States District Judge




UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LAWRENCE DAWSON, Plaintiff, v. FIFE SYMINGTON, et al, Defendants, | **JUDGMENT IN A CIVIL CASE** CIV 96-0585-PHX-CAM (BGS) |

____ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_X_ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the complaint and action having been dismissed pursuant to 28 U.S.C. 1915(d), plaintiff shall take nothing by way of the complaint. The complaint and action are hereby dismissed.

April 1, 1996
Date

RICHARD H. WEARE
District Court Executive/Clerk

Ruth E. Williams
(By) Deputy Clerk

cc: (all counsel)

MW 4.1.96

(5)